JOHN J. TOWNSEND, Trustee, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

*Board of estimate and apportionment in the City of New York — act creating, constitutional.*

Chapter 779 of 1873, creating the mayor, the comptroller, the president of the board of aldermen, and the president of the department of taxes and assessments of the city of New York, a board of estimate and apportionment, to estimate and certify such amount as it shall be necessary to raise by taxation in the city of New York, for county purposes, and empowering and directing the board of supervisors of the county of New York to cause the amount so certified to be raised and collected annually, by tax upon the estates, real and personal, within the city and county of New York, is constitutional and valid.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court, without a jury.

The action was brought to procure the cancellation of a tax, on the grounds that the laws under which it was levied were unconstitutional. The question was whether or not the acts creating the board of estimate and apportionment, in the city of New York, were constitutional. The acts creating the board and authorizing the board of supervisors to levy a tax are chapter 573 of 1871, chapter 779 and chapter 335 and chapter 757 of 1873. Section one of chapter 779 of 1873 is as follows, viz.: "The mayor, comptroller, the president of the board of aldermen, and the president of the department of taxes and assessments of the city of New York, shall constitute a board of estimate and apportionment, and it shall be their duty, annually, by the concurring vote of all the members of said board to estimate and certify, in the manner provided in section 2 of chapter 573 of the Laws of 1871, such amount as shall be necessary to be raised by taxation in the city and county of New York for county purposes; and the board of supervisors of the county of New York are hereby empowered and directed to cause the amount so certified to be raised and collected annually by tax upon the estates, real and personal, within the city and county of New York, subject to taxation."

The following is the opinion delivered at the Special Term :

" VAN BRUNT, J. :

" This is an action brought by the plaintiff to test the power of the Legislature to create a board of estimate and apportionment, for the purpose of ascertaining the amounts which should be raised by the board of supervisors for the expenses of the city and county of New York.

" I will first consider the question, so far as it may relate to the powers of the board of estimate and apportionment, to determine the sums to be raised by the board of supervisors for city purposes.

" In the consideration of this qustion it is proper to bear in mind what the courts have said in respect to the powers of the Legislature of the State of New York.

" In the case of the *Town of Guilford* v. *The Supervisors of Chenango County* (13 N. Y., 143), the court say : " The general or Federal government is one of derivative and limited powers, and as a consequence Congress, the legislative branch of that government, can only exercise those prerogatives which are by the Constitution conferred upon it. The taxing power is, by section eight of that instrument limited. Uniformity of Federal duties, imposts and excises throughout the United States is also provided for by the same section. And the ratio in which direct taxes shall be apportioned among the several States is fixed by section two. These limitations and restrictions result necessarily from the limited and derivative character of the Federal government ; but our State government is an independent existence representing the sovereignty of the people. The power of the Legislature is the power of that sovereignty, and is supreme in all matters pertaining to legitimate legislation, except in those instances where the people have in their fundamental law limited or restricted it. Taxation is indisputably a legislative power. The Constitution of this State will be searched in vain for any clause which contains any restriction or limitation on the taxing power of the Legislature. Provisions there are, regulating the manner in which bills appropriating the public moneys for local or private purposes, or bills imposing taxes, shall be passed. * * * Wherever these formalities are observed, the Legislature has the right to appropriate the public moneys for local or private purposes, and to impose a tax upon the property of the whole State, or any portion

of the State, or any particular or specified kind of property. If it is feared that this power may be abused, or if it is in fact abused, neither the apprehension nor the reality prove the non-existence of the power." It therefore follows that the Legislature have the absolute control of the question of taxation, except so far as they may be limited, by the provisions of the Constitution."

Section 9 of article 8 of the Constitution of 1846 provided as follows: "It shall be the duty of the Legislature to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money," etc. The language of this section clearly recognizes the right of the Legislature to confer upon any city the right to determine what moneys should be raised for municipal purposes under such restrictions as the Legislature may see fit to impose.

There is no limitation in the Constitution which at all affects the right of the Legislature to place the power of determining the amounts to be raised for municipal purposes in the hands of such municipal officers as they may see fit, and their power, unless so limited, has been held to be in the case above cited, in all respects relating to taxation, supreme. The only limitation of this power contained in the Constitution is that providing that the Legislature shall restrict the power of taxation of cities and villages. That the Legislature is the sole judge of what restrictions shall be imposed upon taxation by municipal corporations, in pursuance of this requirement of the Constitution, has been frequently held by the courts of this State. (*People ex rel. Griffin* v. *The Mayor of Brooklyn*, 4 N. Y., 439; *The Bank of Rome* v. *The Village of Rome*, 18 id., 38.) And the courts have no power to review the action of the Legislature.

The Legislature, therefore, had the power to provide that the board of estimate and apportionment shall determine the amount which should be raised for municipal purposes, and they imposed the following restrictions upon the action of the board:

"First. It could only appropriate such amounts as were required for the actual expenses of the city government for the ensuing year.

"Second. Its appropriations were to be based on estimates furnished by the departments and the board of education.

" Third. Those estimates from the departments and the board of education were also to be furnished to the board of aldermen and published in the City Record.

" Fourth. The board of aldermen had the right to suggest changes in the amounts appropriated.

" Fifth. The board was required to consider the suggestions of the board of aldermen, and then make a final estimate.

" Sixth. The estimate could only be adopted by the unanimous vote of the board."

Thus complying with the provisions of the Constitution, requiring them to restrict the power of taxation by a municipal corporation.

We will now consider the question, so far as it may relate to the powers of the board of estimate and apportionment to determine the sums to be raised by the board of supervisors for county purposes.

It is urged that the Legislature could confer this power only upon the board of supervisors. It is to be observed that the board of estimate and apportionment levy no tax, but simply determine what amount shall be levied by the board of supervisors, thus filling a function which the Legislature had exercised itself prior to the formation of the board of estimate and apportionment, the board of supervisors of the county of New York never having had conferred upon them the power of determining what moneys should be raised by taxation. It is proper to consider in this connection exactly the facts which were presented to the court in the case above referred to of the *Town of Guilford* v. *The Supervisors of Chenango County.*

Cornell and Clark were formerly commissioners of highways of the town of Guilford, and as such, by the direction of the voters of the town, had sued the Butternuts and Oxford Turnpike Road Company. They were unsuccessful in the action, and were, after a long litigation, obliged to pay costs. The town then refused to reimburse them these costs. Cornell and Clark sued the town, and after prosecuting the action in the court of last resort ascertained that they had no legal remedy. They then applied to the Legislature, and procured an act authorizing the question of payment or not by the town to be submitted to the voters at the suc-

ceeding town meeting. (Laws of 1851, ch. 16.) The voters decided that they would not tax themselves for any such purpose. Another application was made to the Legislature, which resulted in the passage of the act now 'in question. (Laws of 1852, ch. 8.) The action was commenced by the town of Guilford to procure a perpetual injunction to restrain Cornell and Clark, and the board of supervisors of Chenango county, from proceeding to levy the tax authorized by this act, on the ground that the law was unconstitutional.

The law authorized the county judge of Chenango county to appoint three commissioners, whose duty it should be to hear and determine the amount of costs and expenses incurred by Cornell and Clark in the prosecution and defense of the suits mentioned. It authorized the commissioners to make an award under their hands, or that of a majority of them, which was to be filed with the county clerk of Chenango. It made it the duty of the board of supervisors of said county, at their next annual meeting after the filing of the award, to apportion the same upon the taxable property of the town of Guilford, and provide for its collection in the same manner as other taxes are collected.

The question was : Had 'the Legislature any power to enact such a law ? That is a law taxing the taxable property of a town to pay a claim of a private individual. It is to be observed that the Legislature, in the act referred to in this case, authorized three commissioners to determine the amount which Cornell and Clark should receive, and directed the board of supervisors to raise the same by tax. The court held that the power of the Legislature was absolute, and that there was no violation of the Constitution in the enactment of such a law.

Now, what have the Legislature done in the creation of the board of estimate and apportionment ?

They have recognized the fact that certain amounts must be raised for county purposes, and they have designated the board, under certain restrictions, as the power which should determine the amount to be raised by the supervisors.

In the case cited, the commissioners determined the amount to be raised, and in the case at bar the board of estimate and apportionment is to determine the amount; and in each case the super-

visors are directed to levy and raise by tax the amount so determined.

The analogy between the two cases seems to be entirely perfect if the Legislature had the power to pass an act authorizing three commissioners, not in any respect representing the property to be taxed, to determine what amount should be levied upon the taxable property of a town to pay the claim of a private individual, how much more would they have the authority in the county of New York to devolve upon public officials the duty of determining the amount to be raised by taxation in this county for public purposes ?   If the Legislature had the authority to appoint commissioners to determine the amount to be paid to Cornell and Clark, by the town of Guilford, and which was to be raised by taxation, how can it be that in respect to the expenses of the county of New York they had not the same power ?

Although it may have been the practice in this State to confer upon boards of supervisors, except in the county of New York, the power of determining the amounts which should be raised by tax, yet it is clearly decided in the case above referred to that there is no provision of the Constitution requiring the Legislature so to do ; its power is supreme and unlimited, and it may exercise this power in any way which the public well-being requires, or will be promoted by it, and it is the sole judge of what is for the public good.

If it should be claimed that the Constitution of 1846, by section 17 of article 3, has guaranteed to boards of supervisors powers of local legislation and administration, it has only in any event guaranteed those which these boards possessed at the time of the adoption of that Constitution, and the board of estimate and apportionment exercises no power which the board of supervisors of the county of New York has ever possessed; consequently, the Legislature has not, in the formation of the board of estimate and apportionment, in any manner abridged any powers which the board of supervisors of the county of New York have ever exercised. The board of estimate and apportionment, as I have said, levy no tax, and this has been conclusively shown by the opinion of the learned Attorney-General of the State, in an opinion recently given by him ; this power is exercised only by the board of supervisors.

The case of the *People ex rel. Hopkins* v. *The Board of Supervisors of Kings Co.* (52 N. Y., 556) decides that the Legislature cannot delegate, under the Constitution, the power to lay a State tax, but does not decide that the Legislature cannot delegate the power to levy a local tax for a local purpose.

In fact the Legislature has, in numerous instances, during the last thirty years, delegated the power of determining what amounts should be raised by tax, to boards of municipal and county officers, other than boards of supervisors, as follows : Section 25 of the charter of 1857 (ch. 446) delegated the power of determining what amounts should be raised by taxation for the alms-house department and the board of education to a board consisting of the president of the board of councilmen, the mayor and the comptroller. A similar provision was contained in relation to the ten governors of the alms-house in chapter 246, Laws of 1849, section 20 of chapter 510 of the Laws of 1860, provided that the amount to be appropriated to the department of public charities and correction should be determined by the commissioners of the department. Section 60 of chapter 503 of the Laws of 1864 created a board of estimate and apportionment, consisting of the commissioners of police and the comptroller of the cities of New York and Brooklyn, who were to make an estimate of the sums required for the metropolitan police, and the board of supervisors were required to raise the sum needed after it had been submitted to and approved by an auditing committee ; and this power of delegation, in respect to a local tax, is expressly recognized in the Constitution, as has been above shown, and is nowhere prohibited by it. It follows, therefore, that the Legislature had full power and authority to create the board of estimate and apportionment, and confer upon it the power of determining what amount should be raised in the city and county of New York for city and county purposes. The plaintiff's complaint must be dismissed."

*John J. Townsend,* for the appellant.

*W. C. Whitney,* corporation counsel.

BRADY, J. :

The very able argument of the plaintiff in this case has received due consideration, but it has, failed to convince this court that error was committed by the court below. The question presented is one affecting a power assumed by the Legislature for many years, and which has not been seriously assailed, and one with the exercise of which we could not interfere save upon the most satis-. factory reasons, so conclusive, indeed, that there could be no doubt of the legality and necessity of such a course. The views that we entertain might, it is true, be elaborately stated, but the result must be in harmony with those briefly expressed by the learned justice at Special Term. We think the distinction made by him between the delegation of the power of taxation for State and local purposes is correctly drawn, and adopt his opinion as conclusive.

The judgment should therefore be affirmed.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment affirmed.